In the United States District Court
for the Northern District of Ohio

---

Mary Boettcher,

*On behalf of herself and others similarly situated*,

                Plaintiff,

        v.

AtZa Good Pizza, LLC and Kenneth L. White;

                Defendants.

Case No.

Judge

Magistrate Judge

Jury Demand Endorsed Hereon

---

## Class & Collective Action Complaint

---

1.     Mary Boettcher, on behalf of herself and all similarly-situated individuals, brings this action against AtZa Good Pizza, LLC ("ATZA Good Pizza") and Kenneth L. White ("Defendant White") . Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff and similarly-situated individuals with minimum and overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111 *et seq.* ("OMFWSA") and O.R.C. § 2307.60.

2.     Plaintiff brings this action on behalf of herself and similarly situated current and former delivery drivers who worked for Defendants at any point in the past three (3) years  and who elect to opt in pursuant to FLSA, 29 U.S.C. § 216(b) to remedy violations of the FLSA wage and hour provisions by Defendants. The members of the proposed FLSA Collective are referred to hereafter as the "Collective Members".

3.     Plaintiff further brings this action on behalf of herself and similarly situated current and former delivery drivers who worked for Defendants at any point in the past three (3) years within the State of Ohio and who elect to opt in pursuant to O.R.C. 4111.14(K), and do not elect out pursuant to O.R.C. § 2307.60 and Fed. R. Civ P. 23. The Members of the proposed Ohio Fed. R. Civ. P. 23 Class are referred to hereafter as the "Class Members".

## JURISDICTION AND VENUE

4.     Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiff's FLSA and Ohio claims.

5.     Venue in this Court is proper under 28 U.S.C. § 1391(b) because Defendants are duly licensed to transact business within the state of Ohio, and a substantial part of the events giving rise to the claim herein occurred in this district.

## PARTIES

6.     Plaintiff Mary Boettcher resides in Brunswick, Ohio.

7.     Plaintiff worked as a delivery driver for Defendants' Marco's Pizza store located at 1142 Pearl Rd, Brunswick, OH 44212 from approximately August 1, 2021 through approximately November 30, 2021.

8.     Plaintiff was an "employee" of all of the Defendants as defined by the FLSA and OMFWSA.

9.     Plaintiff has given written consent to join this action, a copy of which is attached to this Complaint as "**Exhibit A**".

10.     Upon information and belief, Defendants own and operate a chain of several Marco's Pizza stores, including the Pearl Road location where Plaintiff worked.

11. Defendant AtZa Goood Pizza, LLC. is an Ohio limited liability company.

12. AtZa Good Pizza is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA and OMFWSA.

13. Upon information and belief, AtZa Good Pizza applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of Defendants' Marco's Pizza locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, and reimbursement of automobile and delivery related expenses.

14. At all relevant times, AtZa Good Pizza maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, and other practices.

15. At all relevant times, AtZa Good Pizza has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

16. AtZa Good Pizza's gross revenue exceeds $500,000 per year.

17. Upon information and belief, Defendant Kenneth L. White is the President and owner of AtZa Good Pizza.

18. Defendant Kuhn is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA and OMFWSA.

19. Upon information and belief, Defendant White applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of Defendants' Marco's Pizza locations, including policies, practices, and procedures relating to

payment of minimum wages, overtime wages, and reimbursement of automobile and delivery related expenses.

20.     At all relevant times, Defendant White maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, and other practices.

**LEGAL STANDARDS APPLICABLE TO DEFENDANTS'
EXPENSE REIMBURSEMENT VIOLATIONS**

21.     The FLSA prohibits any "kickback" of job-related expenses which would cut into the minimum wage or overtime otherwise required to be paid under the Act. Specifically, 29 C.F.R. § 531.35 provides:

> Whether in cash or in facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the **minimum or overtime wages** required to be paid him under the Act. (emphasis added).

22.     Pizza delivery drivers' vehicle expenses are "tools of the trade." "In the pizza delivery context, the cost associated with delivering food for an employer is a 'kickback' to the employer that must be fully reimbursed, lest a minimum wage violation be triggered." *Hatmaker v. PJ Ohio*, LLC, No. 3:17-cv-146, 2019 WL 5725043, at *3 (S.D. Ohio Nov. 5, 2019); *see also, e.g.*, *Benton v. Deli Management, Inc.*, 396 F.Supp.3d 1261, 1269-74 (N.D. Ga. Aug. 8, 2019) ("[Employer's] need for a vehicle is directly incidental to its business."); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F.Supp.2d 240, 258 (S.D.N.Y. Oct. 21, 2008) ("there is substantial legal authority for the

proposition that mechanisms for transportation- typically motor vehicles-can be tools of the trade."); *Perrin v. Papa John's Int'l, Inc*., 114 F.Supp.3d 707, 729-30 (E.D. Mo. July 8, 2015) (denying summary judgment that fixed costs could be excluded from "tools of the trade").

23.     The relevant regulation governing such "kickbacks" does not define a methodology for calculating mileage rates or provide any other guidance as to how to determine or put a value on the expenses related to operating an automobile for work. *See* 29 C.F.R. § 531.35.

24.     In light of this ambiguity, Courts have adopted the methodology detailed in the Department of Labor's Field Operations Handbook. *See Hatmaker,* 2019 WL 5725043, at *6 (granting delivery drivers' motion for summary judgment); *see also Brandenburg v. Cousin Vinny's Pizza*, LLC, No. 3:16-cv-516, 2018 WL 5800594, *4 (S.D. Ohio Nov. 6, 2018) (granting Rule 23 class certification); *Brandenburg v. Cousin Vinny's Pizza, LLC*, 2019 WL 6310376, *1 (Nov. 25, 2019) (granting final approval of Rule 23 settlement and adopting DOL Handbook standard).

37.     Specifically, the DOL Handbook's rule is:

**30c15 Car expenses: employee's use of personal car on employer's business.** In some cases it is necessary to determine the costs involved when employees use their cars on their employer's business in order to determine minimum wage compliance. For example, car expenses are frequently an issue for delivery drivers employed by pizza or other carry-out type restaurants.

(a) As an enforcement policy, the IRS standard business mileage rate found in IRS Publication 917, "Business Use of a Car" may be used (in lieu of actual costs and associated recordkeeping) to determine or evaluate the employer's wage payment practices for FLSA purposes. The IRS standard business mileage rate (currently 28 cents per mile) represents depreciation, maintenance and repairs, gasoline (including taxes), oil, insurance, and vehicle registration fees. In situations where the IRS rate changes during the investigation period, the applicable rates should be applied on a prorate basis.

38. **"**In the pizza delivery driver context, … determining and maintaining records of each

employee's actual expenses is a cumbersome task for the employer." *Hatmaker*, 2019 WL 5725043, *3. As a result, the Handbook standard "giv[es] employers a choice in order to ease their burden: either (1) keep records of delivery drivers' actual expenses and reimburse for them or (2) reimburse drivers at the IRS standard business mileage rate." *Id.*

## LEGAL STANDARDS APPLICABLE TO DEFENDANTS' TIP CREDIT VIOLATIONS

39.     Under applicable law, in certain circumstances, it is permissible for an employer to take a tip credit and pay its employees less than the mandated minimum wage, provided that the employee's tips received from customers plus the cash wage paid by the employer equals at least the applicable minimum wage. However, in order to take advantage of these wage provisions, the employer must meet certain strict notification requirements.

40.     According to the Department of Labor's ("DOL") Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) ("Fact Sheet #15"):

> the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

41.     As is made plain in Fact Sheet #15, in order to claim a tip credit, the employer must comply with five strict notification requirements.

42.     First, the employer must notify the employee of the amount of the cash wage the employer is paying the tipped employee and that amount must equal at least $2.13 per hour.

43.     Second, the employer must notify the tipped employee of the amount the employer is claiming as a tip credit. In accordance with the FLSA, the tip credit claimed cannot exceed $5.12 per hour.

44. Third, the employer must inform the tipped employee that the tip credit claimed cannot exceed the actual amount of tips received by the employee. In effect, the employer must inform the employee that the employee must still earn the mandated minimum of $7.25 per hour between the amount of the tip credit taken by the employer and the amount of tips earned by the employee.

45. Fourth, the employer must notify the tipped employee that all tips received are to be retained by the employee except for a valid tip pooling arrangement.

46. Finally, the tipped employee must be informed by the employer that the tip credit will not apply unless the employee has been informed of these provisions.

47. An employer bears the burden of showing that it has satisfied all of the notification requirements before any tips can be credited against the employee's hourly wage.[1] If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

48. Further, where a tipped employee earns less in tips than the tip credit claimed, the employer is required to make up the difference. Stated another way, if a tipped employee earns less than $5.12 per hour in tips (the maximum tip credit permissible where the employer pays the employee $2.13 per hour), the employer must raise that tipped employee's hourly cash component the necessary amount above $2.13 per hour so as to ensure that the employee earns at least $7.25 per hour – the mandated minimum wage.

---

[1] Courts have strictly construed this notification requirement. Accordingly, some courts have held that a generic governmental poster (which is required by the DOL) does not satisfy the tip credit notification requirement.

49.     The tip credit may also be applied to an employer's overtime obligations. *See* 29 C.F.R. § 531.60. "To illustrate how this works, an employee working overtime must be paid $10.88 per hour—one and one-half times $7.25." *E.g. Tom v. Hospitality Ventures LLC*, 980 F.3d 1027, 1033 (4th Cir. 2020). "The employer can still use the $5.12 tip credit but not more, meaning the hourly wage for overtime must be $5.76- $10.88 minus a $5.12 tip credit." *Id.*

## FACTS

50.     At all relevant times during her employment, Defendants paid Plaintiff an hourly wage of approximately $4.35 while she was making a delivery and approximately $8.70 while she was working in the store.

51.     At all relevant times, Defendants failed to pay Plaintiff, the Collective Members and the Class Members the legally required minimum wage and overtime wages because Defendants have failed to adequately reimburse them for their automobile expenses or other job-related expenses.

52.     According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods have been:

  a.     2019: 58 cents/mile
  b.     2020: 57.5 cents/mile
  c.     2021: 56 cents/mile
  d.     2022 (1st half): 58.5 cents/mile
  e.     2022 (2nd half): 62.5 cents/mile

53.     Prices for gasoline in 2022 have increased by more than 50% compared to what they were a calendar year ago in 2021. https://www.cnbc.com/2022/05/31/gas-prices-and-inflation-overtake-covid-as-top-travel-worry-.html (last visited Jul. 25, 2022)

54.     In recognition of this substantial inflation, the Internal Revenue Service has raised the standard mileage rate for the second half of 2022 to 62.5 cents per mile. *See* https://www.irs.gov/newsroom/irs-increases-mileage-rate-for-remainder-of-2022 (last visited Jul 25. 2022).

55.     Plaintiff, the Collective Members and the Class Members were required to purchase gasoline, oil and other fluids, vehicle parts, auto repair and maintenance parts and services, auto insurance, cell phones and phone service for the benefit of Defendants.

56.     Plaintiff's, the Collective Members' and the Class Members' cars depreciated in value as a result of their work for Defendants.

57.     Defendants never attempted to track how much money Plaintiff, the Collective Members or the Class Members were paying out of pocket in order to make deliveries on Defendants' behalf.

58.     Defendants never required, requested or permitted Plaintiff, the Collective Members or the Class Members to record or report the expenditures they made for their cars, gasoline, and/or for other job-related expenses.

59.     At all relevant times in their work for Defendants, Plaintiff, the Collective Members and the Class Members received a flat delivery reimbursement amount of approximately $1.50 for each delivery they completed. This reimbursement rate was the same no matter how many miles they drove.

60.     Plaintiff, the Collective Members and the Class members drove approximately 10 miles per delivery during their employment for Defendants.

61.     Thus, Defendants' average effective reimbursement rate for Plaintiff was approximately 15 cents per mile ($1.50 per delivery / 10 average miles per delivery).

62.     As a result of the automobile and other job-related expenses and deductions incurred by Plaintiff, the Collective Members and the Class Members, they were deprived of minimum wage and overtime wages guaranteed to them by the FLSA and the OMFWSA.

63.     Defendants likewise have a company policy of failing to ensure that Plaintiff and the Collective Members and the Class Members were properly notified and informed of all of the legal requirements which must be met in order to take a tip credit against delivery drivers' wages.

64.     Despite taking a tip credit against Plaintiff's, the Collective Members' the Class Members' wages, Defendants failed to inform them that their cash wage had to be at least $4.65 per hour under Ohio law.

65.     Despite taking a tip credit against Plaintiff's, the Collective Members and the Class Members' wages, Defendants failed to inform them that the amount of the tip credit could never exceed $4.35 per hour under state law.

66.     Despite taking a tip credit against Plaintiff's, the Collective Members' and the Class Members' wages, Defendants failed to inform them that they must the amount of tips they received plus their hourly wage must equal at least $8.70 per hour under Ohio law.

67.     Despite taking a tip credit against Plaintiff's, the Collective Members' and the Class Members' wages, Defendants failed to inform them that all tips received must be retained by them except for in a valid tip pooling arrangement.

68.     In fact, by requiring Plaintiff, the Collective Members and the Class Members to pay for all vehicle and delivery related expenses as detailed herein, Defendants did not permit Plaintiff, the Collective Members and the Class Members to retain all tips received.

69. Despite taking a tip credit against Plaintiff's, the Collective Members' and the Class Members' wages, Defendants failed to inform them that no tip credit could be taken if they were not informed of the of the tip credit requirements of the FLSA and OMFWSA.

70. Defendants were aware or should have been aware of the minimum wage and overtime requirements of the FLSA and OMFWSA.

71. By failing to adequately reimburse Plaintiff, the Collective Members and the Class Members for job-related expenses as described herein, Defendants have willfully violated the minimum wage and overtime provisions of the FLSA and OMFWSA.

72. By failing to adhere to the tip credit requirements of the FLSA and OMFWSA, but nonetheless taking a tip credit against Plaintiff's and the Class Members' wages, Defendants willfully violated the minimum wage and overtime provisions of the FLSA and OMFWSA.

## COLLECTIVE ACTION ALLEGATIONS

73. Plaintiff brings the First and Second Counts of this Complaint on behalf of the following individuals:

> All current and former delivery drivers employed at any of Defendants' Marco's Pizza locations nationwide at any point during the three years prior to the filing of this Complaint and the date of final judgment in this matter, who elect to opt-in to this action.

74. At all relevant times, Plaintiff and the Collective Members have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Plaintiff and the Collective Members minimum wage and overtime for all hours worked. Plaintiff's claims are essentially the same as those of the FLSA Collectives.

11

75.     Defendants' unlawful conduct is pursuant to an enterprise wide policy or practice of minimizing labor costs by failing to properly pay Plaintiff and the Collective Members.

76.     Defendants are aware or should have been aware that federal law required them to reimburse delivery workers for expenses relating to "tools of the trade," such as, among other things, automobile costs, gasoline, cell phones and phone service for delivery drivers.

77.     Defendants are aware or should have been aware that federal law prohibited them from taking "kickbacks" from the wages of delivery drivers.

78.     Defendants are aware or should have been aware of the tip credit notification requirements of the FLSA but they nonetheless failed to comply with the same.

79.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

80.     This action is properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

81.     The Collective Members are readily identifiable and ascertainable.

## CLASS ACTION ALLEGATIONS

82.     Plaintiff brings the Third, Fourth and Fifth Causes of Action under Federal Rule of Civil Procedure Civil Procedure 23, on behalf of herself and a class of persons consisting of:

> All current and former delivery drivers employed at any of Defendants' Marco's Pizza locations in the State of Ohio between the date three years prior to the filing of the original complaint and the date of final judgment in this matter.

83.     Excluded from the Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

12

84. The number and identity of the Class Members are ascertainable from Defendants' records.

85. The hours assigned and worked, the positions held, deliveries completed, and the rates of pay and reimbursements paid for each Class Member are determinable from Defendants' records.

86. For the purpose of notice and other purposes related to this action, their names and contact information are readily available from Defendants.

87. Notice can be provided by means permissible under Rule 23.

88. The Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

89. There are more than 100 Rule 23 Class members.

90. Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

91. Plaintiff and the Class Members have all sustained similar types of damages as a result of Defendant's failure to comply with the OMFWSA and O.R.C. § 2307.60.

92. Plaintiff and the Class Members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

93. Plaintiff is able to fairly and adequately protect the interests of the Class Members and has no interests antagonistic to the Class Members.

94. Plaintiff is represented by counsel who is experienced and competent in both class action litigation and employment litigation.

95.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of low wage employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

96.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

97.     Common questions of law and fact exist as to the Class Members that predominate over any questions only affecting Plaintiff and the Class Members individually and include, but are not limited to:

a)  Whether Plaintiff and the Class Members were subject to a common policy that resulted in delivery drivers not being adequately reimbursed for all vehicle and delivery related expenses incurred in their work for Defendants; and

b)  Whether Defendants failed to inform Plaintiff and the Class Members of the requirements incumbent upon Defendants prior to taking a tip credit against Plaintiff's and Class Members' wages as required by law; and

98.     In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

## CAUSES OF ACTION

### Count One
**Fair Labor Standards Act – Vehicle and Delivery Related Expenses**

## On behalf of Plaintiff and Collective Members

99.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

100.    Plaintiff and the Collective Members are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

101.    The minimum wage requirements of the FLSA will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the **minimum <u>or</u> overtime wages**. 29 C.F.R. § 531.35 (emphasis added).

102.    It is well established that, in the pizza delivery context, employers have two options to comply with the minimum wage directives of the FLSA: either (1) keep records of delivery drivers' actual expenses and reimburse for them or (2) reimburse drivers at the IRS standard business mileage rate." *Hatmaker*, 2019 WL 5725043, *3 citing DOL Field Operations Handbook 30c15.

103.    At all relevant times, Plaintiff and the Collective Members were required to provide their own vehicles, cell phones and phone service to deliver Defendants' pizzas and related food products and beverages.

104.   At all relevant times, Defendants never kept track of the actual vehicle related expenses incurred by Plaintiff and the Collective Members.

105.   At all relevant times, Defendants suffered or permitted Plaintiff and the Collective Members to receive a flat rate per delivery reimbursement of approximately $1.50 per delivery which equates to approximately 15 cents per mile.

106.   At all relevant times, Defendants did so while also suffering or permitting Plaintiff and the Collective Members to work more than forty hours in a given workweek.

107.   As a result of the forgoing actions, Defendants have violated the minimum wage and overtime provisions of the FLSA.

108.   Defendants are or should have been aware of the minimum wage and overtime requirements of the FLSA.

109.   Defendants have willfully violated the minimum wage and overtime provisions of the FLSA, 29 U.S.C. §§ 206 and 207.

110.   Plaintiff and the Collective Members have been damaged by Defendants' willful failure to pay minimum wage and overtime as required by law.

111.   As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Members, are entitled to all unpaid minimum wages and overtime wages to be proven at trial, an additional amount equal to all such unpaid wages as liquidated damages, reasonable attorneys' fees, and costs.

**Count Two**
**Fair Labor Standards Act – Tip Credit Notice**
**On behalf of Plaintiff and the Collective Members**

112.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

113.     Under the FLSA, an employer must notify the employee (1) of the amount of the cash wage the employer is paying the tipped employee and that amount must equal at least $2.13 per hour; (2) that the amount the employer is claiming as a tip credit which the cannot exceed $5.12 per hour; (3) that the tip credit claimed cannot exceed the actual amount of tips received by the employee; (4) that that all tips received are to be retained by the employee except for a valid tip pooling arrangement; and (5) that the tip credit will not apply unless the employee has been informed of these provisions.

114.     These same requirements are applicable each year during which the minimum wage has changed during time period relevant to this lawsuit.

115.     At all relevant times, Defendants failed to ensure that Plaintiff and the Collective Members were properly notified and informed of all of the legal requirements which must be met in order to take a tip credit against delivery drivers' wages.

116.     Moreover, by making Plaintiff and the Collective Members pay for job-related expenses as described herein, Defendants did not ensure that Plaintiff and the Collective Members retain all of their tips, thereby forfeiting Defendants' ability to take a tip credit against Plaintiff and the Collective Members' wages.

117.     Defendants were aware or should have been aware of the tip credit notice requirements of the FLSA, but Defendants nonetheless failed to comply with the same. As such, Defendants violation of the FLSA has been willful.

118.     As such, Defendants have violated the minimum wage and overtime requirements of the FLSA.

119.     As a result of Defendants' violations of the FLSA, Plaintiff and the Class Members, are entitled to all unpaid wages to be proven at trial, an additional amount equal to twice the amount of all such unpaid wages as statutory damages, reasonable attorneys' fees, and costs.

**Count Three**
**Ohio Minimum Fair Wage Standards Act – Vehicle and Delivery Related Expenses**
**On behalf of Plaintiff and the Class Members**

120.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

121.     Plaintiff and the Class Members are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

122.     Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA. (*See Douglas v. Argo-Tech Corp.*, 113 F.3d 67 n. 2 (6th Cir.1997) (noting that Ohio's wage and hour law "parallels the FLSA" and approaching the Ohio law and the FLSA in a "unitary fashion" is appropriate).

123.     The minimum wage and overtime requirements of the OMFWSA will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the **minimum <u>or</u> overtime wages**. 29 C.F.R. § 531.35 (emphasis added).

124.     It is well established that, in the pizza delivery context, employers have two options to comply with the minimum wage and overtime wage directives of the OMFWSA: either (1) keep

records of delivery drivers' actual expenses and reimburse for them or (2) reimburse drivers at the IRS standard business mileage rate." *Hatmaker*, 2019 WL 5725043, *3 citing DOL Field Operations Handbook 30c15.

125.     At all relevant times, Plaintiff and the Class Members were required to provide their own vehicles, cell phones and phone service to deliver Defendants' pizzas and related food products and beverages.

126.     At all relevant times, Defendants never kept track of the actual vehicle related expenses incurred by Plaintiff and the Class Members.

127.     At all relevant times, Defendants paid Plaintiff and the Class Members a flat rate per delivery reimbursement of approximately $1.50 per delivery which equates to approximately 15 cents per mile.

128.     At all relevant times, Defendants did so while also suffering or permitting Plaintiff and the Class Members to work more than forty hours in a given workweek.

129.     As a result of the forgoing actions, Defendants have violated the minimum wage and overtime requirements of the OMFWSA.

130.     Plaintiff and the Class Members have been damaged by Defendants' failure to pay minimum and overtime wages as required by Ohio law.

131.     As a result of Defendants' violations of the OMFWSA, Plaintiff and the Class, are entitled to all unpaid wages to be proven at trial, an additional amount equal to twice the amount of all such unpaid overtime wages as statutory damages, reasonable attorneys' fees, and costs.

**<u>Count Four</u>**
**Ohio Minimum Fair Wage Standards Act – Tip Credit Notice**
**On behalf of Plaintiff and the Class Members**

132. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

133. Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA. (*See Douglas v. Argo-Tech Corp.*, 113 F.3d 67 n. 2 (6th Cir.1997) (noting that Ohio's wage and hour law "parallels the FLSA" and approaching the Ohio law and the FLSA in a "unitary fashion" is appropriate).

134. As such, an employer in Ohio must notify the employee (1) of the amount of the cash wage the employer is paying the tipped employee and that amount must equal at least $4.35 per hour; (2) that the amount the employer is claiming as a tip credit which the cannot exceed $4.35 per hour; (3) that the tip credit claimed cannot exceed the actual amount of tips received by the employee; (4) that that all tips received are to be retained by the employee except for a valid tip pooling arrangement; and (5) that the tip credit will not apply unless the employee has been informed of these provisions.

135. These same requirements are applicable each year during which the minimum wage has changed during time period relevant to this lawsuit.

136. At all relevant times, Defendants failed to ensure that Plaintiff and the Class Members were properly notified and informed of all of the legal requirements which must be met in order to take a tip credit against delivery drivers' wages.

137. Moreover, by making Plaintiff and the Class Members pay for job-related expenses as described herein, Defendants did not ensure that Plaintiff and Class Members retain all of their tips, thereby forfeiting Defendants' ability to take a tip credit against Plaintiff and the Class Members' wages.

138.    As such, Defendants have violated the minimum wage and overtime requirements of the OMFWSA.

139.    As a result of Defendants' violations of the OMFWSA, Plaintiff and the Class Members, are entitled to all unpaid wages to be proven at trial, an additional amount equal to twice the amount of all such unpaid wages as statutory damages, reasonable attorneys' fees, and costs.

**Count Five**
**Damages Pursuant to O.R.C. § 2307.60**
**On Behalf of Plaintiff and the Class Members**

140.    Plaintiff restates and incorporate the foregoing allegations as if fully rewritten herein.

141.    The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

142.    By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff and the Rule 23 Class have been injured as a result.

143.    O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages. This includes violations of the FLSA. *See Oglesby v. FedEx Ground Package Sys.*, Case No. 3:20-cv-00346, 2021 U.S. Dist. LEXIS 150689 *11-13 (S.D. Oh. Aug. 10, 2021)

144.    As a result of Defendant's willful violations of the FLSA, Plaintiff and the Class Members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**WHEREFORE**, Plaintiff Mary Boettcher prays for all of the following relief:

A.    Designation of this action as a collective action on behalf of Collective Members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them

of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members.

B.      Unpaid minimum and overtime wages, reimbursement of expenses, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C.      Unpaid minimum and overtime wages, reimbursement of expenses, and an amount equal to twice that amount as statutory damages pursuant to the OMFWSA;

D.      An award of prejudgment and post-judgment interest.

E.      An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

F.      A service award to Plaintiff in recognition of her efforts on behalf of the Collective Members and Class Members.

G.      Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/      *James L. Simon*
James L. Simon
Law Offices of Simon & Simon
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, Ohio
Phone: (216) 525-8890
Email: james@simonsayspay.com

/s/      *Michael L. Fradin*
Michael L. Fradin
The Law Office of Michael L. Fradin
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Phone: 847-644-3425
Fax: 847-673-1228
Email: mike@fradinlaw.com

*Counsel for Plaintiff and the Putative Collective*

## **JURY DEMAND**

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/      *James L. Simon*